

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-29-2007

# Bilbili v. Klein

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3496

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bilbili v. Klein" (2007). *2007 Decisions.* Paper 527.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/527

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3496
_____

ERVIN BILBILI; ANJAEZA BILBILI; *FREDI BILBILI;
PJERIM GJECAJ; SHYGYRIE CENA, Administratrix
of the Estate of GAZMEND CENA, Deceased;
SHYGYRIE CENA, in her own right

v.

CHARLES E. KLEIN, III; THE ESTATE OF GAZMEND CENA;
CHUCK'S HIDEAWAY; JOHN DOES 1 TO 10, FICTITIOUS
INDIVIDUALS OR ENTITIES; GARRY J. TOMASELLA;
SAMMIE'S MULLICA INN, INC.; G.T.'S MULLICA INN;
JOHN DOES 11 TO 20, FICTITIOUS INDIVIDUALS OR ENTITIES;
EGG HARBOR CITY, A BODY POLITIC; THE EGG HARBOR CITY
POLICE DEPARTMENT;*JAMES E. MCGEARY, MAYOR, EGG HARBOR CITY;
RICHARD JANKOWSKI, DIRECTOR OF PUBLIC SAFETY, EGG HARBOR CITY;
KERON KEVIN DEROD CRAIG, PATROLMAN

(D.N.J. No. 02-cv-02953)

SHYGYRIE CENA, Administratrix of the
Estate of GAZMEND CENA, Deceased;
SHYGYRIE CENA, in her own right

v.

CHARLES E. KLEIN, III; CHUCK'S HIDEAWAY;
JOHN DOES 1 THROUGH 10, Fictitious individuals or entities;
GARRY J. TOMASELLA; SAMMIE'S MULLICA INN, INC.;
JOHN DOES 11-20, Fictitious individuals or entities;
EGG HARBOR CITY, A body politic; EGG HARBOR CITY POLICE
DEPARTMENT; RICHARD JANKOWSKI, Director of Public Safety,
Egg Harbor City; KERON KEVIN DEROD CRAIG, PATROLMAN,
Egg Harbor City Police Department; *JAMES E. MCGEARY,
MAYOR OF EGG HARBOR CITY; G.T.'S MULLICA INN

(D.N.J. No. 02-cv-03292)

Ervin Bilbili; Anjaeza Bilbili;
*Fredi Bilbili; Pjerim Gjecaj;
Shygyrie Cena,

Appellants

*(Amended per Clerk's Order of 9/25/06)


On Appeal from the Order and Judgment of
the United States District Court
for the District of New Jersey
(Nos. 02-cv-02953 & 02-cv-03292)
District Judge: Hon. Jerome B. Simandle

Argued: April 20, 2007

Before: McKEE, AMBRO, and MICHEL[*] *Circuit Judges*

(Opinion Filed: August 29, 2007)

Tommie A. Gibney (**ARGUED**)
Kenneth G. Andres, Jr.
Andres & Berger
264 Kings Highway East
Haddonfield, NJ  08033

Thomas R. Anapol
Lawrence R. Cohan
Dara Lovitz
 Anapol, Schwartz, Weiss, Cohan, Feldman, & Smalley, P.C.
1040 North Kings Highway, Suite 304
Cherry Hill, NJ  08034

*Counsel for Appellants*

---

[*]Honorable Paul R. Michel, Chief Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

A. Michael Barker
Jodi L. Cohen (**ARGUED**)
Barker & Scott
210 New Road, Suite 12
Linwood, NJ  08221

*Counsel for Appellees James E. McGeary, et al.*

James R. Birchmeier (**ARGUED**)
Edward N. Romanik
Powell, Birchmeier, & Powell
1891 State Highway 50, P.O. Box 582
Tuckahoe, NJ 08250

*Counsel for Appellee Richard Jankowski*

John J. Bannan (**ARGUED)**
Steve Drake
Reynolds & Drake, P.C.
29 North Shore Road
Absecon, NJ 08201

*Counsel for Appellee Keron Craig*


OPINION

McKEE, *Circuit Judge*

Ervin Bilbili, Anjaeza Bilibili, Freddi Bilbili, Pjerim Gjecaj, and Shygyrie Cena

(collectively, the "Bilbilis")[1] appeal the district court's grant of summary judgment in

favor of Egg Harbor City, James E. McGreary (mayor of Egg Harbor City), Richard

Jankowski (Egg Harbor City's Director of Public Safety), and police officer Keron Craig

---

[1]Only three of the five plaintiffs in this lawsuit are named "Bilbili."  Nevertheless, for ease of reference we will refer to all of the appellants as "Bilbili."

(collectively,"Defendants")[2] on their claims under 42 U.S.C. § 1983 and state laws. The district court ruled that the Bilbilis failed to adduce sufficient evidence to defeat Defendants' motion for summary judgment. The district court also concluded that Defendants were immune from liability on the Bilbilis' state law claims under the New Jersey Tort Claims Act. For the reasons that follow, we will affirm.[3]

## I.

Because we write primarily for the parties, we need not recite the facts or procedural background of this case except insofar as may be helpful to our brief discussion. "Our review of a grant of summary judgment is plenary and we must grant all reasonable inferences from the evidence to the non-moving party." *Sanford v. Stiles*, 456 F.3d 298, 303 n.3 (3d Cir. 2006) (quotation omitted). Summary judgment is proper where "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law." *Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006).

## II.

---

[2]Hereinafter, we will refer to Egg Harbor City, the Egg Harbor City Police Department, James E. McGreary, and Richard Jankowski, collectively, as the "Municipal Defendants." We will refer to Keron Craig as "Officer Craig."

[3]We have jurisdiction to review the district court's order pursuant to 28 U.S.C. § 1291.

"To state a § 1983 claim, a plaintiff must demonstrate the defendant, acting under color of state law, deprived him or her of a right secured by the Constitution or the laws of the United States." *Id.* Accordingly, "[t]he first step in evaluating a [§] 1983 claim is to identify the exact contours of the underlying right said to have been violated and to determine whether the plaintiff has alleged a deprivation of a constitutional right at all." *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quotation omitted).

The Bilbilis allege that their substantive due process rights were violated by: Officer Craig, based on his failure to remove Klein from the road even though he knew Klein was driving under the influence of alcohol; and the Municipal Defendants, based on their failure to properly discipline Klein and remove him from the police force despite numerous instances of misconduct predating the night of the accident.[4] With respect to their allegations against the Municipal Defendants, the Bilbilis contend that, had Klein been removed from the police force as his prior conduct warranted, Officer Craig would not have extended him the "professional courtesy" of allowing him to continue driving without administering a sobriety test. The argument proceeds that, if Officer Craig had administered the sobriety test, Klein would have been arrested for drunk driving and the Bilbilis would not have been hit by his car. These arguments fail.

---

[4]Insofar as the Bilbilis bring suit under § 1983 against Egg Harbor City, we reject their claim out of hand. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents" unless "the execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . . ." *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 694 (1978).

As a general rule, there is no affirmative right to governmental protection under the Due Process Clause of the Fourteenth Amendment. *See DeShaney v. Winnebago County Dep't of Soc. Services*, 489 U.S.189, 195 (1989). This is so "even where such [protection] may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *Id.* at 196.

However, in *Kneipp v. Tedder*, 95 F.3d 1199 (3d Cir. 1996), we accepted the "state-created danger" theory of liability as an exception to the general rule. Under this theory, a plaintiff can allege a substantive due process violation under § 1983 by showing that the harm suffered at the hands of third parties was a direct result of state action. *See id.* at 1208-09. The four elements of the state-created danger doctrine are:

> (1) the harm ultimately caused was foreseeable and fairly direct; (2) a state actor acted with a degree of culpability that shocks the conscience; (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

*Bright v. Westmoreland County*, 443 F.3d 276, 281 (3d Cir. 2006).

We need not address the first three elements of the doctrine because the Bilbilis clearly can not satisfy the fourth element.[5] That element "can be broken down into its

---

[5]The district court's analysis did not proceed to the fourth element of the state-created danger doctrine because the court concluded that the harm caused to the Bilbilis was not foreseeable and Defendants' conduct did not shock the conscience. *See Bilbili v. Klein*, No. 02-cv-2953, 2005 WL 1397016, at *5 (D.N.J. June 14, 2005). We do not

parts and analyzed accordingly." *Ye v. United States*, 484 F.3d 634, 638-39 (3d Cir. 2007); *see also Bright*, 443 F.3d at 281 n.5. Thus, to satisfy the fourth element of the state-created danger doctrine a plaintiff must establish: "(1) a state actor exercised his or her authority, (2) the state actor took an affirmative action, and (3) this act created a danger to the citizen or rendered the citizen more vulnerable to danger than if the state had not acted at all." *Ye*, 484 F.3d at 639.

Assuming, *arguendo*, that Officer Craig's failure to act is tantamount to an affirmative exercise of authority for purposes of the state-created danger doctrine thus satisfying the first and second parts of the fourth element, the Bilbilis still can not satisfy that element because the omission did not create the danger as required by the third part of the fourth element. When Klein drove away from the last of the bars he had visited that evening, he had already consumed thirteen to fifteen beers. Klein would have been in exactly the same impaired condition had he never encountered Officer Craig that night.

Thus, the danger that ultimately befell the Bilbilis was not created by Officer Craig's failure to act; it was created when Klein pulled onto the highway. From that moment on, the Bilbilis (and everyone else in the vicinity) were exposed to the risk that Klein's drunk driving could lead to injury or death. The fact that Officer Craig happened to insinuate himself and the Municipal Defendants into this tragic scenario by pulling

---

agree that the fact that a drunken driver may be so impaired that he/she will cause a fatal traffic accident is unforeseeable. However, "[w]e may affirm the lower court's ruling on different grounds, provided the issue which forms the basis of our decision was before the lower court." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 904 n.1 (3d Cir. 1997).

7

Klein over does not alter the fact that Klein's drunk driving was the direct cause of the deadly accident.[6] We therefore conclude that the Bilbilis are also unable to establish a constitutional violation under the state-created danger doctrine.[7]

## III.

We will affirm the district court's conclusion that the Bilbili's state law claims are barred by the New Jersey Tort Claims Act, N.J. Stat. Ann. 59:1-1 to 12-2 (2006), substantially for the reasons given by the district court.

## IV.

For the foregoing reasons, we affirm the district court's grant of summary judgment in favor of Defendants.

---

[6]"We have often adopted the language of 'but for' causation when describing [the fourth prong's] requirement of state-created danger liability." *Ye*, 484 F.3d at 642; *see also Kaucher*, 455 F.3d at 432 ("There must be a direct causal relationship between the affirmative act of the state and plaintiff's harm.").

[7]Our conclusion that the district court correctly granted summary judgment to Defendants should not, of course, be interpreted as a general pronouncement that a police officer's extension of preferential treatment to a fellow officer can not serve as the basis of a constitutional violation. On the contrary, we can imagine scenarios where a police officer's decision to afford a fellow officer special treatment could create liability under § 1983 by violating a plaintiff's substantive due process rights. However, this case does not present such a scenario. Accordingly, we simply hold that, based on this record, Defendants are entitled to judgment as a matter of law on the Bilbilis' claims under § 1983.